THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALPHONSE CHILDERS, Appellant.— Motion by respondent to dismiss defendant's appeal from a purported judgment of the Supreme Court, Queens County, rendered November 22, 1965, vacating suspension of execution of sentence (with probation) which had been imposed by judgment rendered June 23, 1964 upon defendant's plea of guilty to grand larceny in the second degree. Motion granted. The action of the court below on November 22, 1965 was not a resentence and did not have the effect of reinstituting defendant's time to appeal from the judgment. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

In the Matter of SUZANNE K. P. FELLOWS, Respondent, v. DONALD E. FELLOWS, Appellant.— Motion by appellant for leave to appeal to this court from an order of the Family Court, Westchester County, entered February 2, 1966 which *inter alia* denied his motion to vacate a prior order of said court. Motion granted (see *Matter of Fellows v. Fellows*, 25 A D 2d 865.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

## (May 18, 1966)

In the Matter of JOSEPH ARCARA, Petitioner, v. SUPREME COURT, RICHMOND COUNTY, et al., Respondents.— In a proceeding pursuant to article 78 CPLR, the petitioner seeks to: (1) enjoin respondents from conducting a retrial of petitioner under a certain indictment (trial of petitioner had ended in a mistrial) and (2) dismiss the indictment on the ground of double jeopardy. Application denied and proceeding dismissed, without costs. In our opinion, the granting of the mistrial on May 2, 1966 was not an improvident exercise of discretion. Under the circumstances, the plea of double jeopardy to prevent retrial of petitioner is not available (*Gori v. United States*, 367 U. S. 364). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.